THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CALVIN L. ALLEN, Defendant-Appellant.

Third District   No. 3—07—0582

Opinion filed May 18, 2009.

Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Thomas D. Arado, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CARTER delivered the opinion of the court:

The defendant, Calvin L. Allen, pled guilty, pursuant to a fully negotiated plea agreement, to two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2004)). The trial court sentenced the defendant to concurrent sentences of six years in prison for the two counts but stayed the mittimus for 30 days at the defendant's request. While the mittimus was stayed, the defendant filed a *pro se* motion, alleging ineffective assistance of counsel. The trial court denied the motion, finding that the defendant's allegations of ineffective assistance did not have merit and did not warrant the appointment of new counsel. The defendant appeals, arguing that the trial court was required to appoint new counsel prior to engaging in a preliminary investigation into the merits of his allegations when he made his *pro se* claims of ineffective assistance of counsel in postplea proceedings. We affirm.

## FACTS

On March 30, 2005, the defendant was charged with two counts of the Class 2 felony offense of unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2004)). One count alleged that the defendant committed the offense alone on January 19, 2005, and the other count alleged that the defendant committed the offense with Lashelle McDonald on January 21, 2005.

On February 26, 2007, the defendant pled guilty to the two counts, pursuant to an agreement with the State. The agreement provided that the defendant would be sentenced to concurrent sentences of six years in prison for the two counts because he had to be sentenced as a Class X offender due to his prior Class 1 and Class 2 felony convictions. See 730 ILCS 5/5—5—3(c)(8) (West 2006) (stating that a defendant shall be sentenced as a Class X offender following a conviction for Class 1 or Class 2 felony when he or she has been previously twice convicted of a Class 2 or greater Class felony). The agreement also provided that the State would dismiss the charges in case Nos. 05—CM—452 and 07—CF—05.

The trial court admonished the defendant, and the State provided the factual bases for the charged offenses. The factual bases showed that the defendant sold cocaine to an undercover police officer on both dates at issue and that on the second occasion, the officer contacted codefendant McDonald to set up the transaction with the defendant. The trial court advised the defendant of his rights and questioned him to determine whether he was making his plea voluntarily. The defendant stated that he entered the plea voluntarily and that he had not been threatened. The defendant also stated that he was satisfied with his attorney's services. The trial court determined that the defendant's plea was voluntary and accepted his plea. The trial court approved the agreement between the parties and sentenced the defendant to concurrent sentences of six years in prison for the two counts of unlawful delivery of a controlled substance. The trial court advised the defendant of his right to appeal and, at the defendant's request, stayed the mittimus for 30 days.

On March 6, 2007, the defendant filed a *pro se* motion, alleging ineffective assistance of counsel. The allegations were supplemented by a document filed on March 20, 2007. The defendant claimed that his counsel was ineffective because counsel: (1) refused to file a motion for a lineup after the defendant asked her to do so; (2) refused to call McDonald, the codefendant, at trial, if one was held, even though defendant believed her testimony would relieve him from "discriminating evidence"; (3) did not communicate with the defendant despite his requests for an appointment; (4) did not move to have the case dismissed for a speedy trial violation; (5) violated attorney-client confidentiality when she discussed the case in open court with another person; (6) never requested an evaluation from Treatment Alternatives to Street Crime (TASC); (7) did not submit a defense of entrapment when defendant asked her to do so; and (8) did not give the defendant copies of discovery and other records from the case.

On March 28, 2007, the trial court held a hearing on the defendant's motion. The trial court asked the defendant and his counsel to address each allegation in the petition so that it could determine whether the allegations had merit and whether to appoint new counsel for a hearing on the motion.

The defendant stated that he requested that counsel move for a lineup because he believed that he could not be positively identified by the officer as the person who committed one of the counts of unlawful delivery of a controlled substance. Counsel responded that she refused the defendant's request for a lineup as a matter of trial strategy and because she did not believe she had the authority to request one. She also noted that discovery showed that the officer, who bought the cocaine from the defendant, indicated that he only dealt with the defendant for the two transactions at issue.

The defendant stated that he wanted to call codefendant McDonald because she could have explained what happened and furthered his defense of entrapment, which he wanted counsel to pursue. Counsel noted that the case was resolved by a plea and that she would not have called the codefendant as a matter of trial strategy had the case gone to trial. Counsel also noted that McDonald was only involved in one of the transactions at issue and that the evidence in the case showed that the officer only dealt with the defendant.

Counsel responded to the allegation that she did not communicate with the defendant by stating that she had an appointment at her office with the defendant on February 10, 2006, that she discussed the case with him at every court date, and that she had several telephone conversations with the defendant about the case.

With regard to the speedy trial allegation, counsel stated that the defendant did not request that she file a speedy trial demand after he was released on bail, that the defendant did not object to the State's requests for continuances, and that the defendant even requested a continuance. The record did not contain a written demand for a speedy trial.

The defendant stated that counsel violated attorney-client confidentiality when she spoke to another public defender in open court about a possible entrapment defense. Counsel admitted that she spoke with another public defender about the entrapment defense to provide another perspective, but she explained that the duty of confidentiality was not breached because the attorney-client privilege extended to her colleagues in the public defender's office. Counsel also stated that she did not pursue an entrapment defense because she and her colleague determined that it was not a viable defense.

Counsel responded to the defendant's allegations regarding a TASC evaluation. She stated that the defendant had been evaluated for TASC treatment and was found to be acceptable for such treatment in a report dated September 1, 2005. However, he was statutorily prohibited from TASC treatment because he was a Class X offender. See 730 ILCS 5/5—5—3(c)(8) (West 2006) (stating that a defendant sentenced as a Class X offender under this subsection "is not eligible to apply for treatment as a condition of probation as provided by Section 40—10 of the Alcoholism and Other Drug Abuse and Dependency Act").

Finally, counsel acknowledged that she did not give the defendant copies of discovery and other records from the case. However, she stated that the defendant had access to the documents during their office appointment and court appearances. She also noted that the policy of the public defender's office, based on its interpretation of the supreme court rules, was to not give copies of discovery to defendants.

On April 17, 2007, the trial court found that the defendant's allegations of ineffective assistance were without merit such that it did not need to appoint new counsel. The trial court gave the defendant 30 days to file a motion to withdraw his guilty plea.

On May 7, 2007, the defendant filed a *pro se* motion to withdraw his guilty plea. The defendant alleged that he was not eligible to be sentenced as a Class X offender because his prior conviction occurred more than 10 years earlier and that he was eligible for probation. On May 10, 2007, defendant's counsel filed a motion to withdraw his guilty plea in which she stated that the defendant was subject to mandatory sentencing as a Class X offender and that he sought to withdraw his plea because he had an entrapment defense. On July 12, 2007, the defendant filed a personal affidavit, detailing his entrapment defense, and a letter from McDonald, stating that she committed the offense alone and that the defendant was innocent. The trial court held a hearing on the motion to withdraw on the same date.

On July 24, 2007, the trial court denied the defendant's motion to withdraw, finding that his plea had been made knowingly and voluntarily.

The defendant appeals.

## ANALYSIS

On appeal, the defendant argues that the trial court was required to appoint new counsel when he made his *pro se* claims of ineffective assistance of counsel in postplea proceedings.

The defendant acknowledges that, pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), a trial court is not required to

appoint new counsel when a defendant files a *pro se* posttrial motion based on an ineffective assistance claim. According to *Krankel*, a trial court may conduct a preliminary inquiry to examine the factual basis of the claim and deny the motion without appointing new counsel if it determines the claim is not meritorious or concerns a matter of trial strategy. See *People v. McCarter*, 385 Ill. App. 3d 919, 897 N.E.2d 265 (2008) (outlining the procedure that *Krankel* requires a trial court to follow when a defendant files a *pro se* posttrial motion based on an ineffective assistance claim). However, the defendant claims that *Krankel* does not apply to postplea motions and that the trial court was required to appoint new counsel before conducting a preliminary investigation of his allegations of ineffective assistance because there was a *per se* conflict of interest. We disagree.

Initially, we note that the defendant has not cited, nor have we found, any authority that requires a trial court to appoint new counsel, prior to conducting a preliminary investigation of the allegations, when a defendant makes *pro se* claims of ineffective assistance of counsel in postplea proceedings. However, pursuant to *People v. Cabrales*, 325 Ill. App. 3d 1, 756 N.E.2d 461 (2001), we find that the trial court did not err in conducting a preliminary investigation to determine whether to appoint new counsel when the defendant made *pro se* claims of ineffective assistance in postplea proceedings.

In *Cabrales*, the defendant pled guilty to two counts of criminal sexual assault, and the trial court imposed a sentence. Following sentencing, the defendant's attorney filed a motion to withdraw the guilty plea. At the hearing on the motion, the defendant told the trial court that he wished to proceed with his own motion to withdraw the guilty plea, which alleged that his attorney provided ineffective assistance. The trial court conducted an evidentiary hearing on the defendant's *pro se* motion in which the defendant and his attorney testified and were cross-examined by the State. After hearing the evidence, the trial court denied the defendant's *pro se* motion. The defendant appealed, arguing that the case had to be remanded so that the trial court could conduct a preliminary investigation to determine whether he was entitled to appointment of a new attorney to represent him on his motion to withdraw. *Cabrales*, 325 Ill. App. 3d 1, 756 N.E.2d 461.

The appellate court found that the trial court improperly proceeded to a full hearing on the merits of the defendant's *pro se* motion without first conducting a preliminary investigation to determine whether to appoint conflict counsel. The appellate court reiterated the procedure required by *Krankel*. Specifically, it stated:

"There is no *per se* rule that a defendant is entitled to a new attorney if he files a *pro se* motion challenging his trial attorney's

representation. [Citation.] Rather, when a defendant files a *pro se* motion arguing that his trial counsel is ineffective, the trial court should conduct a preliminary investigation to determine whether the defendant's claim is valid. [Citation.] During this preliminary investigation, the trial court should examine the factual basis for the defendant's claim and determine whether the defendant's claim concerns trial tactics, trial strategies, or possible neglect by the defendant's trial attorney. [Citation.] If the factual basis for the ineffective assistance of counsel claim shows that the defendant's trial counsel may have neglected the defendant's case, the trial court should appoint a new attorney who can make an independent evaluation of the defendant's claim and present the cause to the trial court in a detached yet adversarial manner. [Citation.]'' *Cabrales*, 325 Ill. App. 3d at 5, 756 N.E.2d at 464-65.

The appellate court remanded the case to the trial court to conduct a preliminary investigation of the defendant's *pro se* motion. *Cabrales*, 325 Ill. App. 3d 1, 756 N.E.2d 461; see also *People v. Jordan*, 209 Ill. App. 3d 983, 568 N.E.2d 988 (1991) (stating that a defendant's allegation of ineffective assistance does not automatically require the appointment of new counsel where the defendant, who pled guilty, wrote a letter alleging ineffective assistance after he was sentenced).

In the present case, unlike *Cabrales*, the trial court properly conducted a preliminary investigation of the defendant's *pro se* motion to determine whether his claims were valid and whether he needed new counsel to present the claims at an evidentiary hearing. The trial court was not required to appoint new counsel before this preliminary investigation, as there was no *per se* conflict of interest just because the defendant filed a *pro se* motion alleging ineffective assistance. ''During [the preliminary investigation], some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim. Trial counsel may simply answer questions and explain the facts and circumstances surrounding the defendant's allegations.'' *People v. Moore*, 207 Ill. 2d 68, 78, 797 N.E.2d 631, 638 (2003). The defendant's attorney was not in a *per se* conflict of interest situation during the trial court's preliminary investigation because he was not arguing a motion predicated on allegations of his own ineffectiveness. *Moore*, 207 Ill. 2d 68, 797 N.E.2d 631.

The defendant also argues that the trial court should have appointed new counsel because Supreme Court Rule 604(d) requires a trial court to appoint counsel after a defendant files a motion to withdraw a guilty plea when the defendant is not represented by

counsel, is indigent, and desires counsel. 210 Ill. 2d R. 604(d). However, this contention is incorrect for two reasons. First, the defendant's *pro se* motion alleging ineffective assistance was filed while the defendant was still represented by counsel, as his mittimus was stayed and was not made in a motion to withdraw his guilty plea. Second, even if the above were not true and the motion was considered a motion to withdraw his guilty plea, the trial court, just as in *Cabrales*, had to conduct a preliminary investigation of the ineffective assistance claims to determine whether to appoint new counsel.

Therefore, we find that the trial court did not err when it conducted a preliminary investigation of the defendant's ineffective assistance claims without appointing new counsel. We further note that the trial court properly found that the defendant's allegations of ineffective assistance were meritless because they concerned trial strategies and tactics or were otherwise not supported by the record.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON and MCDADE, JJ., concur.