NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190332-U

NO. 4-19-0332

IN THE APPELLATE COURT

FILED
October 28, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ETHAN STONE, | ) | No. 18CF122 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court reversed and remanded, holding that the trial court erred in denying defendant's *pro se* motion to withdraw his guilty plea at a hearing where defendant was effectively unrepresented by counsel.

¶ 2    Defendant, Ethan Stone, pled guilty to armed robbery, residential burglary, and two counts of home invasion in exchange for the State's agreement to cap its sentencing recommendation at 26 years' imprisonment. The trial court imposed concurrent sentences of 26 years' imprisonment for armed robbery and the two counts of residential burglary. Thereafter, defendant, *pro se*, sent a letter to the court, requesting to withdraw his plea and asserting several claims of ineffective assistance of plea counsel. The court construed the letter as a motion to withdraw defendant's guilty plea and denied it. Defendant subsequently filed through counsel a

motion to reconsider his sentence. The court vacated one of defendant's convictions for home invasion but otherwise denied the motion.

¶ 3        Defendant appeals, arguing that he was effectively deprived of his right to counsel at a hearing in which his *pro se* motion to withdraw his guilty plea was heard and denied. We reverse and remand.

¶ 4                                I. BACKGROUND

¶ 5        On April 20, 2018, the State charged defendant with armed robbery (720 ILCS 5/18-2(a)(1) (West 2018)), residential burglary (*id.* § 19-3), and two counts of home invasion (*id.* § 19-6(a)(2)).

¶ 6        Defendant pled guilty to all four counts in exchange for the State's agreement to cap its sentencing recommendation at 26 years' imprisonment. As a factual basis for the plea, the State indicated its witnesses would testify that defendant entered the home of the two victims without authority. Defendant took money from one of the victims by the use of force and caused great bodily injury to the victims. One victim suffered a severe laceration to her head, and the other suffered severe lacerations and a stab wound to his arm. After admonishing defendant, the trial court accepted his plea as knowingly and voluntarily made.

¶ 7        On March 5, 2019, the trial court conducted defendant's sentencing hearing. The court imposed concurrent sentences of 26 years' imprisonment for armed robbery and the two counts of home invasion. The court found that the offense of residential burglary merged and imposed no sentence on that count.

¶ 8        On March 14, 2019, defendant, *pro se*, sent a letter to the trial court, stating that he wished to withdraw his plea and receive new court-appointed counsel. Defendant alleged that he was confused as to what rights he was giving up when he pled guilty due to the deficient

performance of his attorney. According to the letter, plea counsel had previously discussed with defendant the benefits of pleading guilty but mentally ill, but this was not the type of plea defendant ultimately entered. Defendant's mental illness caused him to be easily confused. Defendant alleged that plea counsel failed to adequately investigate defendant's case, share the entirety of the discovery with defendant, file a motion to suppress defendant's confession, and present the entirety of defendant's mental health evaluation as mitigating evidence during the sentencing hearing.

¶ 9       The trial court held a hearing on defendant's *pro se* letter. The court stated that the letter appeared to be a motion to withdraw defendant's guilty plea. Plea counsel agreed. Counsel stated he had not discussed the letter with defendant but had prepared some responses to it. Counsel indicated it would be difficult for him to represent defendant on the claims raised in the letter because defendant alleged that counsel had provided ineffective assistance.

¶ 10      The trial court asked defendant to discuss each of his claims of ineffective assistance of counsel. Defendant stated that counsel failed to file any pretrial motions, including a motion related to squad car camera footage and a motion for a bond reduction. Defendant also stated that counsel failed to show him the entirety of the discovery.

¶ 11      The trial court then asked counsel to respond to defendant's claims. Counsel stated that he believed he adequately reviewed the discovery materials with defendant and noted the specific discovery items he had discussed with defendant. Counsel did not recall a squad car camera video being disclosed in discovery. Counsel reviewed the video of defendant's interview with the police and did not believe that it was suppressible. Counsel had never discussed with defendant the possibility of pleading guilty but mentally ill prior to the plea. Counsel believed he had adequately presented defendant's mental health issues in mitigation at sentencing. Counsel

did not recall a possible bond reduction motion. Counsel believed that defendant's mental illness made communication with him difficult but did not believe that it affected the outcome of the case.

¶ 12        Defendant asked if a sentence reduction would be addressed at the hearing. The trial court stated defendant had not raised that in his letter but rather had requested to have a new attorney appointed and to withdraw his plea. The court said that if it allowed defendant to withdraw his plea, then his sentence would be vacated. The court stated: "So today I'm trying to figure out whether or not to allow you to withdraw your plea based upon ineffective assistance of counsel." The court noted that if it were to allow defendant's motion to withdraw his guilty plea, it would have to appoint new counsel to represent defendant. The court further stated: "[T]hen the attorney would have to get up to speed; and then we would have to determine whether there's a trial or not a trial; and then it depends on how that turns out when there would be a sentencing hearing."

¶ 13        The trial court subsequently denied defendant's *pro se* motion, stating: "I do not believe you had ineffective assistance of counsel; and your motion to withdraw your plea of guilty is denied." Defendant indicated he wanted to appeal, and the court stated it would direct the clerk to file a notice of appeal. The court noted counsel had not filed his Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) certificate. The court asked counsel if he wanted to speak with defendant and then file a Rule 604(d) certificate. The court stated: "I don't know what other basis there would be to withdraw his plea or to reconsider the sentence if he's going to appeal any of that. If there's going to be an appeal about that, then I suppose I need a motion; but it's been too late to file the motion."

¶ 14 Counsel stated he had reviewed the file in preparation to respond to defendant's letter and had one phone conversation with defendant before he was transported to the Department of Corrections. Counsel asked the trial court if that would be sufficient to satisfy Rule 604(d). The court stated it believed that counsel needed to file a motion to reconsider defendant's sentence if defendant wanted to challenge his sentence on appeal, but it did not know if such a motion would be timely. The matter was continued for defense counsel to file a motion to reconsider defendant's sentence.

¶ 15 On May 28, 2019, counsel filed a motion to reconsider defendant's sentence, arguing that one of defendant's home invasion convictions should be vacated under one-act, one-crime principles and that the sentence was excessive. Defense counsel also filed a certificate of compliance with Rule 604(d). Following a hearing on the motion, the court vacated one of the home invasion convictions but otherwise denied the motion. A notice of appeal was filed in the trial court.

¶ 16 Upon the motion of defendant, the Illinois Supreme Court entered a supervisory order directing this court to allow defendant to file a new notice of appeal and to treat it as a properly perfected appeal from the denial of defendant's motion to withdraw his guilty plea and motion to reconsider his sentence. *Stone v. Justices of the Appellate Court, Fourth District*, No. 125777 (Ill. Mar. 2, 2020) (supervisory order).

¶ 17                                    II. ANALYSIS

¶ 18 On appeal, defendant argues that he was effectively denied his right to counsel at the hearing on his *pro se* motion to withdraw his guilty plea because counsel had not fulfilled his obligations under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Specifically, defendant argues that when he filed his *pro se* motion to withdraw his guilty plea, counsel failed to consult

with him regarding his contentions of error, review the court file and report of proceedings, and make the necessary amendments to the motion to adequately present his claims, as required by Rule 604(d). Defendant notes that he did not waive his right to be represented by counsel during postplea proceedings. Defendant contends the matter should be remanded for new postplea proceedings in compliance with Rule 604(d).

¶ 19        The State agrees the matter should be remanded for new postplea proceedings, albeit for different reasons. The State contends that defense counsel failed to amend defendant's *pro se* motion into proper form, as required by Rule 604(d), by filing an impermissible motion to reconsider defendant's sentence. The State maintains that counsel should have either filed a motion to withdraw defendant's guilty plea or declined to file any motion. The State does not directly respond to the arguments raised in defendant's brief beyond stating that it "disagrees with defendant's particular claim of error." We do not reach the alternative basis for remand set forth by the State, as we have found that remand is warranted on the ground set forth by defendant.

¶ 20        "A defendant is entitled to representation at every critical stage of any trial proceeding, and this right to counsel attaches when a defendant files a motion to withdraw his guilty plea." *People v. Cabrales*, 325 Ill. App. 3d 1, 6 (2001). Pursuant to Rule 604(d), counsel must be appointed to assist an indigent defendant in filing postplea motions. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Counsel is required to file a certificate in the trial court stating that he or she has (1) "consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty"; (2) "examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing"; and (3) "made any amendments to the motion

necessary for adequate presentation of any defects in those proceedings." *Id.* "Once a *pro se* defendant notifies the circuit court that he wishes to withdraw his guilty plea and appeal, the protections offered by Rule 604(d), *i.e.,* the appointment of counsel and the attorney certificate, are automatically triggered." *People v. Edwards*, 197 Ill. 2d 239, 256 (2001).

¶ 21 In the instant case, the trial court treated defendant's *pro se* letter requesting to withdraw his plea on the basis that he received ineffective assistance of counsel as a motion to withdraw his guilty plea. The court proceeded to deny the motion at a hearing where defendant was effectively unrepresented by counsel. Counsel's only involvement during the hearing was to dispute defendant's claims of ineffective assistance. Counsel had not fulfilled the obligations set forth in Rule 604(d) prior to the denial of the motion, as he stated that he had not discussed defendant's *pro se* letter with him before the hearing. Nor had defendant waived his right to counsel. Under these circumstances, defendant was deprived of his right to the assistance of counsel at the hearing on his motion to withdraw his guilty plea. See *People v. Vaughn*, 200 Ill. App. 3d 765, 771 (1990) ("[A] defendant is entitled to assistance of counsel in the preparation of his motion to withdraw a guilty plea, which is a critical stage of the proceedings.").

¶ 22 In reaching our holding, we note that the procedure employed in the instant case—namely, denial of defendant's *pro se* motion after merely discussing the allegations of ineffective assistance of counsel with defendant and plea counsel—would have been appropriate if the court had conducted a preliminary *Krankel* inquiry rather than a hearing on the motion to withdraw defendant's guilty plea. See *People v. Ayres*, 2017 IL 120071, ¶¶ 11-12.  At a preliminary *Krankel* inquiry, the court does not determine whether a defendant has definitively established a claim of ineffective assistance of counsel. Rather, the only issue to be decided is whether new counsel should be appointed to argue the defendant's *pro se* postplea or posttrial

claims of ineffective assistance of counsel. *People v. Schnoor*, 2019 IL App (4th) 170571, ¶ 65. New counsel should be appointed where the defendant shows possible neglect of the case. See *Ayres*, 2017 IL 120071, ¶ 11. However, the court may deny the *pro se* motion without appointing counsel if a defendant fails to show even possible neglect of the case—*i.e.*, if the defendant's claims lack merit or pertain only to matters of trial strategy. See *id.*

¶ 23 Here, the trial court did not conduct a preliminary *Krankel* inquiry. The court did not indicate at any point that it was determining whether to appoint new counsel to argue defendant's postplea claims of ineffective assistance of counsel or considering whether defendant had shown possible neglect of the case. Rather, the court expressly stated it was determining whether to allow defendant to withdraw his guilty plea based on his claims of ineffective assistance of counsel. The court indicated that if it granted defendant's motion, new counsel would be appointed to represent defendant at a potential new trial, not to advance his postplea claims of ineffective assistance of counsel. Under these circumstances, defendant was entitled to be represented by counsel and to the protections afforded by Rule 604(d) in the proceedings on the motion to withdraw defendant's guilty plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *Cabrales*, 325 Ill. App. 3d at 6.

¶ 24                                      III. CONCLUSION

¶ 25 For the reasons stated, we reverse the judgment of the trial court denying defendant's postplea motion and remand for new postplea proceedings in compliance with Rule 604(d), including the opportunity for defendant to file a new motion to withdraw his guilty plea if he so chooses. If defendant persists in his claims of ineffective assistance of plea counsel, the trial court should hold a preliminary *Krankel* inquiry to determine whether to appoint new counsel to represent defendant in asserting his claims.

¶ 26        Reversed and remanded.